# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER MCGUIRE, *on behalf of herself and others similarly situated*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:23-cv-01552-MTS |
| ASCENSION HEALTH, | ) ) ) |
| Defendant. | ) ) |

## ORDER APPROVING COLLECTIVE ACTION SETTLEMENT

This matter is before the Court on Plaintiff Jennifer McGuire's Unopposed Motion for Approval of FLSA Collective Action Settlement, Doc. [70], as supplemented, Doc. [73]. After a complete review of the filings in this matter, and with no objections or oppositions filed to Plaintiff's Motion, the Court finds and orders as follows:

1. The Parties' Settlement Agreement is **APPROVED** as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act,[1] and Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement, Doc. [70], is **GRANTED**.

2. CPT Group, Inc. is appointed as the third-party Settlement Administrator.

3. The Court finds that the gross settlement amount of $65,000 is fair and reasonable.

4. The Court approves Plaintiff's Counsel's request for attorney's fees and costs in the amount of one-third ($1/3$) of the gross settlement amount (i.e. $21,450).[2]

---

[1] *See Tanner v. Empire Financing, Co.*, 4:19-cv-0825-SEP, 2020 WL 7316115, at *1–2 (E.D. Mo. Dec. 11, 2020); *see also Williams v. BPV Mkt. Place Invs., LLC*, 4:14-cv-1047-CAS, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014).

[2] *See Isbell v. Polaris, Inc.*, 0:22-cv-1322-WMW, 2023 WL 6662980, at *2 (D. Minn. Oct. 12, 2023) (noting an award of one-third of the settlement is common within the Eighth Circuit).

- 2 -

5.  The Court approves the corresponding Notice Form and the settlement-check release language as "reasonable and appropriate means" by which Opt-In Plaintiffs may elect to participate in the settlement.[3]

6.  Consistent with the parties' agreed release language, the Settlement Class Members who endorse, cash, or deposit their settlement checks are hereby **ENJOINED** from prosecuting any Released Claims against the Releasees.[4]  *See* Doc. [73-1].

7.  The Court will enter herewith an Order of Dismissal dismissing this action.  To the extent consistent with the Court's limited jurisdiction under the Constitution and laws of the United States, the Court nevertheless retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith.[5]

So **ORDERED** this 14th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] *See Fry v. Accent Mktg. Servs., LLC*, , 2014 WL 294421, at *2 (E.D. Mo. Jan. 27, 2014) (approving the parties' notice protocol).

[4] *See, e.g.*, *Jones v. DHL Express (USA) Inc.*, 2:20-cv-2595-SHL, 2021 WL 6752271, at *1 (W.D. Tenn. Mar. 16, 2021); *Bannerman v. Air-Sea Packing Grp.*, 1:18-cv-06146-PGG, 2020 WL 408350, at *2 (S.D.N.Y. Jan. 24, 2020); *Franco v. Ruiz Food Prods., Inc.*, 1:10-CV-02354-SKO, 2012 WL 5941801, at *24 (E.D. Cal. Nov. 27, 2012) (approving a FLSA settlement in which class members released their claims upon endorsement)

[5] *See Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).